UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATED OF AMERICA,

        Plaintiff,

                                      Case Number 04-20038-BC

v.                                         Honorable Thomas L. Ludington

DONALD NORTON YORK

        Defendant.
_____/

## ORDER DETERMINING SCOPE OF DEFENDANT'S WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Defendant Donald York's ("Defendant") motion to withdraw his guilty plea is presently before the Court. The sixth superceding indictment charged Defendant with eleven felony offenses. On October 3, 2007, Defendant, with the assistance of his former counsel, David Nickola, entered into a plea agreement with the United States of America ("Government") in which he agreed to plead guilty to a single count of conspiracy to distribute 50 grams or more of a mixture containing methamphetamine. *See* 21 U.S.C. § 846. The plea agreement provided that Defendant's guideline range was 188-235 months. Dkt. # 438 at 3. The same day, the Court accepted Defendant's guilty plea at a hearing in open court.

Defendant was scheduled to be sentenced on January 22, 2008. On January 15, 2008, Defendant, acting pro se, filed a motion to withdraw his guilty plea and a motion to terminate Mr. Nickola's representation. Dkt. # 463, 464. In his motions, Defendant contends that he received ineffective assistance of counsel because he was induced to enter the plea agreement by Mr. Nickola's representation that he would receive a sentence of five years. Dkt. # 464.

On January 22, 2008, the Court held a status conference and a hearing to address Defendant's

pending motions, instead of sentencing Defendant. See Dkt. # 473. At the conclusion of that hearing, the Court granted Defendant's motion to terminate Mr. Nickola's responsibility for representing him. *Id.*

On February 20, 2008, the Court referred the matter to the magistrate judge for the appointment of counsel. On April 11, 2008, the magistrate judge appointed Shawn Sutton to represent Defendant. Thereafter, Mr. Sutton filed a supplemental brief in support of Defendant's motion to withdraw plea. Dkt. # 505.

Defendant's motion to withdraw his guilty plea contends that his former counsel, Mr. Nickola, materially misrepresented the terms of the plea agreement. According to Defendant, the alleged misrepresentations occurred during a single privileged communication between attorney and client on or about October 3, 2007. Recognizing that the conversation was subject to the attorney-client privilege, the Court determined that Defendant would need to knowingly waive the attorney-client privilege before testimony could be solicited from Mr. Nickola about the communications.

On August 18, 2008, Defendant, represented by Mr. Sutton, and the government's counsel appeared at a hearing to address the waiver. Defendant's counsel asserted that Defendant sought to waive the attorney-client privilege with respect to the conversations concerning the plea agreement only. Put another way, Defendant asserts that he is able to disclose the substance of the October 3, 2007 conversation with Mr. Nickola without compromising the integrity of the attorney-client relationship with respect to all other conversations. The government maintained that Defendant could not waive a portion of the privilege, but that the full extent of communications between Defendant and Mr. Nickola might bear on the truthfulness of his assertions and should be exposed to inquiry.

At the hearing, Defendant took the stand under oath and stated that he wished to waive the attorney-client privilege with Mr. Nickola. Defendant's counsel, Mr. Sutton, indicated that Defendant did not fully understand the potential consequences of doing so. After considering his attorney's advice, Defendant then stated that he only wished to waive the privilege with respect to the October 3, 2007 conversation, not the entire course of communications. The Court directed the parties to file supplemental briefs regarding whether Defendant was able to waive the attorney-client privilege in part.

"As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual . . . to third parties. In addition, a client may waive the privilege by conduct which implies a waiver of the privilege or a consent to disclosure." *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002) (citations and quotation omitted). In the context of challenging the assistance of counsel in a criminal matter, a habeas corpus petitioner implicitly waives the attorney-client privilege by putting his attorney's performance at issue. *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (*citing Mason v. Mitchell*, 293 F. Supp. 2d 819, 823-24 (N.D. Ohio 2003). In such a circumstance, the waiver is "limited to the extent necessary to litigate" the claims of ineffective assistance of counsel. *Id.* Courts construe implied waivers "no broader than needed to ensure the fairness of the proceedings before it." *Id.* For example, an implicit waiver of the work product privilege regarding a "psychiatric examination did not extend to the privilege surrounding any inculpatory statements . . . made to the psychiatrist." *Id.*

Here, Defendant's motion to withdraw his guilty plea focuses on Mr. Nickola's representations concerning the terms of the Rule 11 plea agreement, a circumstance similar to an

ineffective assistance of counsel claim. The government asserts that "any conversation, fact communicated to the attorney, or trial strategy behind [Mr. Nickola's advice to accept the plea agreement] is subject to full disclosure . . . ." Dkt. # 509 at 4. Defendant's motion is grounded on the limited assertion that Mr. Nickola only made material misrepresentations concerning the length of incarceration shortly before the time Defendant signed the agreement and entered his guilty plea. Specifically, Defendant asserts that Mr. Nickola and he only discussed the plea agreement on October 3, 2007. Thus, the scope of Defendant's implicit waiver is limited to the substance of communications concerning the plea agreement.

The Court must endeavor to protect Defendant's privilege but it is equally critical to be mindful of the "fairness of proceedings" to the government as well. The government contends that conversations between Defendant and his attorney on occasions other that October 3, 2007 may reflect on the accuracy and consistency of Defendant's recollection of the October 3, 2007 communications. "[T]he attorney-client privilege cannot at once be used as a shield and a sword." *Ross v. City of Memphis*, 423 F.3d 596, 604-05 (6th Cir. 2005) (*quoting United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991)). Ultimately, the determination of whether the exposure of various attorney-client protected conversations in addition to the conversation on October 3, 2007 are "necessary to litigate" Defendant's assertion that Mr. Nickola misrepresented the plea agreement on October 3, 2007 will have to be resolved on a question by question basis during the hearing.

Accordingly, it is **ORDERED** that the Court accepts Defendant's waiver of the attorney-client privilege to specific communications relevant to the plea agreement. The Court shall determine whether communications between Defendant and his attorney in addition to the conversations on October 3, 2007 are impliedly waived by Defendant's motion to withdraw his guilty plea.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: September 18, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 18, 2008.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS