UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,

v.

       Case No. 04-20038-01;11-13282-BC
       Honorable Thomas L. Ludington

DONALD NORTON YORK,

       Defendant-Petitioner.

_____ /

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**

Petitioner Donald York pled guilty to one count of conspiracy to distribute and possess with intent to distribute fifty or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 438. The Rule 11 agreement identified the sentencing guideline range of 188 to 235 months. At the plea hearing held on October 3, 2007, the pertinent provisions of the Rule 11 agreement, including the guideline range of 188 to 235 months, were read into the record. The Court then inquired whether Petitioner "heard anything . . . that's in any way inconsistent with your understanding of the terms of the agreement?" Plea Hr'g Tr. 11:7–9, Oct. 3, 2007, ECF No. 525. "It is consistent," Petitioner responded. Plea Hr'g Tr. 11:10. "Has anyone promised you anything, apart from the provisions of this agreement that we have just addressed," the Court inquired, "trying to convince you to enter a guilty plea, sir?" Plea Hr'g Tr. 11:15–18. "No, they haven't," Petitioner responded. Plea Hr'g Tr. 11:16. The Court then inquired into the factual basis for the plea, asking: "What was your connection . . . with the methamphetamine? Once you got it, what did you do with it?" Plea Hr'g Tr. 12:25–13:2. "I just — I used it for personal use and I did sell some to my friends, you know, but just to

support my habit," Petitioner responded. Plea Hr'g Tr. 13:3–5. "The amount that you would have sold or distributed was at least 50 grams?" the Court inquired, to which Petitioner responded: "In the overall conspiracy, perhaps." Plea Hr'g Tr. 13:6–8. Satisfied that Petitioner had furnished an adequate factual basis for the plea, the Court concluded that it was "satisfied that [Petitioner] has freely and voluntarily tendered the plea and he has done so in a knowing and intelligent way." Plea Hr'g Tr. 14:22–24. The Court accepted the plea and took the Rule 11 agreement under advisement.

On January 15, 2008, Petitioner filed pro se motions to withdraw his plea and have his counsel withdraw. ECF Nos. 463, 464. Alleging that he had received ineffective assistance of counsel, Petitioner asserted that counsel had provided Petitioner "incorrect information regarding the term of the Plea Agreement," that counsel had informed Petitioner that he "would serve only 'five years in prison,'" and that Petitioner "based his acceptance of the agreement on that belief." Mot. to Withdraw Plea 2, ECF No. 463. On January 23, 2008, the Court granted Petitioner's motion to have his counsel withdraw. ECF No. 473. Hearings were held on Petitioner's motion to withdraw his guilty plea on September 26, 2008, and October 17, 2008. *See* ECF Nos. 560, 562 (transcripts). For the reasons explained on the record, Petitioner's motion to withdraw his guilty plea was denied. ECF No. 519. And as a result of the motion to withdraw his guilty plea, Petitioner lost the sentencing guideline reduction for acceptance of responsibility. The result was a guideline range of 235 months to 293 months. Petitioner was sentenced to 245 months. Petitioner then appealed the denial of the motion to withdraw the guilty plea. *See United States v. York*, 405 F. App'x 943, 943 (2010). The Sixth Circuit affirmed. *Id*.

On August 27, 2011, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 583.  In his motion to vacate, Petitioner asserts a single ground for relief — that his "plea was clearly not knowing, voluntary and understanding."  Pet'r's § 2255 Mot. 4–5, ECF No. 583.

The motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B).  Judge Binder issued a report recommending that the Court deny Petitioner's motion on November 7, 2011.  ECF No. 591.  Judge Binder recommended denying Petitioner's motion to vacate in this case based on his conclusion that even if counsel's performance was deficient, Petitioner could not demonstrate he was prejudiced by the deficient performance.  The uncontradicted testimony, Judge Binder observes, is that Petitioner was active in correcting and editing the sentencing memorandum.  Moreover, Petitioner testified that he wished to withdraw his plea not because he was confused — or had been misled — about the potential sentence, but because he believed that he "could beat [the newly-appointed prosecutor] in a trial."[1]  Mot. to Withdraw Plea Hr'g Tr. 93:13–14, Sept. 26, 2008, ECF No. 560.

Petitioner filed objections to Judge Binder's report on November 17, 2011. ECF No. 592.  In his papers, Petitioner enumerates four objections.  The district court will make a "de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

Because there was no error in Judge Binder's analysis, his report and recommendation will be adopted, Petitioner's objections will be overruled, and his motion to vacate his conviction and sentence will be denied.

---

[1] Initially, the government was represented by Assistant United States Attorney Michael Hluchaniuk.  Following Mr. Hluchaniuk's appointment as a United States magistrate judge, Assistant United States Attorney Barbara Tanase was assigned Petitioner's case.

**I**

Petititioner first objects to Judge Binder's interpretation of *United States v. Mendez-Santana*, 645 F.3d 822 (6th Cir. 2011). Specifically, Petitioner writes that *Mendez-Santana* "applies in this case because the ineffective assistance of trial counsel occurred at the beginning of the plea withdrawal hearing when counsel did not inform the judge of Defendant's absolute right to withdraw his plea." Pet'r's Objections 1–2, ECF No. 592. The objection is not well placed — no such right existed at the time of the hearing on Petitioner's motion to withdraw his plea.

Before a guilty plea is accepted by the court, the Sixth Circuit concluded in *Mendez-Santana*, a defendant "possesse[s] an absolute right to withdraw 'for any reason or no reason.'" 645 F.3d at 827 (quoting Fed. R. Crim. P. 11(d)(1)). After a guilty plea is accepted, but before the Rule 11 agreement is accepted, the defendant must establish a "fair and just reason" to withdraw the plea. *United States v. Hyde*, 520 U.S. 670, 671 (1997).

In *Mendez-Santana*, after the trial court declined to accept the defendant's guilty plea, the defendant moved to withdraw it. 645 F.3d at 825. The Sixth Circuit concluded that because the plea had not yet been accepted by the court, the defendant had an "absolute right" to withdraw the plea. *Id.* at 827. The Sixth Circuit pointedly observed, however, that "[t]his case is unlike *United States v. Hyde*, where the district court accepted the guilty plea, but deferred consideration of whether to accept the plea agreement." 645 F.3d at 825 n.1 (internal citation omitted).

In *Hyde*, as in this case, the district court accepted the defendant's "plea but deferred decision on whether to accept the plea agreement. The defendant then sought to withdraw his

plea." 520 U.S. at 671. "We hold," Chief Justice Rehnquist wrote for the unanimous opinion of the Supreme Court, "in such circumstances a defendant may not withdraw his plea unless he shows a 'fair and just reason.'"

In this case, on October 3, 2007, this Court accepted Petitioner's guilty plea but deferred decision on whether to accept the plea agreement. More than three months passed. On January 15, 2008, Petitioner filed his motion to withdraw his plea. Accordingly, this Court applied the seven factors in making the "fair and just" determination. The Sixth Circuit affirmed. *See United States v. York*, 405 F. App'x 943, 948–49 (6th Cir. 2011). Judge Binder correctly concluded that *Mendez-Santana* is inapposite. Rather, Petitioner's motion to withdraw his plea is governed by the rule articulated in *Hyde*. Petitioner's objection will be overruled.

**II**

Petitioner next objects to Judge Binder's "failure to properly frame the issue." Pet'r's Objections 2 (capitalization omitted). Specifically, Petitioner writes that his motion "essentially raised two [grounds for relief]": "The failure to advise the trial court of the Petitioner's absolute right to withdraw his plea before it was accepted, and that secondly the record below shows that Defendant's plea was fraudulently induced by [trial counsel]." *Id.*

Petitioner correctly observes that the report and recommendation incorrectly asserts that Petitioner's § 2255 motion "raises ten grounds for relief." *Compare* Report 12, ECF No. 591; *with* Pet'r's § 2255 Mot. 4–5. The motion in fact raises a single ground for relief — that his "plea was clearly not knowing, voluntary and understanding." Pet'r's § 2255 Mot. 5. Judge Binder's report, however, thoroughly addresses this particular issue. And because there was no error in Judge Binder's analysis, his report and recommendation will be adopted.

Turning to the issues specifically asserted by Petitioner in his second objection, the first (assuming that "trial court" is a scrivener's error for "Petitioner"[2]) is the same issue raised above. For the reasons discussed above, this objection is not well-placed. The second paraphrases the arguments provided in his motion and reply brief, and contends that these arguments demonstrate that his plea was not knowing or voluntary despite his statements on the record that indicate otherwise at the time he tendered his plea. *Compare* Pet'r's § 2255 Mot. 5 (asserting counsel "testified that he could make a strong pitch for 60 months even though any experienced counsel knows this was impossible."), *and* Reply 4–5, ECF No. 590 ("[A]n experienced federal criminal practitioner would well know that there was no chance in a case involving homicide and substantial amounts of cocaine distribution that one would ever get a sentence of 128 months below the guidelines."), *with* Objections 4 ("The fact that [Petitioner] 'had the right' to request sixty months was irrelevant since he had no chance to receive that sentence. . . . At least government counsel and experienced defense counsel would have known this.").

Petitioner's objection, which only includes arguments previously presented to Judge Binder, is insufficient "to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Petitioner's objection will be overruled.

### III

### 1

Petitioner's third enumerated objection is that the "case authorities cited by the magistrate do not support the dismissal of his petition." Pet'r's Objections 4 (capitalization omitted). Specifically, Petitioner contends that Judge Binder misplaces reliance on *Hays v. United States*,

---

[2] In the event that it is not a scrivener's error, the Court aware of the pertinent provisions of Rule 11 of the Federal Rules of Criminal Procedure. Advising the Court on the Rule's bifurcated operation was not necessary.

221 F.3d 1334, 2000 WL 924603 (6th Cir. June 26, 2000) (unpublished table decision), and *Lukasik v. United States*, No. 03-20019, 2011 WL 1296852 (E.D. Mich. Mar. 31, 2011). Petitioner argues that these cases are inapposite as Petitioner is "arguing that [trial counsel's] testimony can be taken as true there was no actual guarantee but that he convinced his client that he might get five years which he knew was not true." Pet'r's Objections 4 (emphasis omitted). Petitioner's objection is not well placed.

Judge Binder relied upon *Hays* and *Lukasik* as authority for the proposition that "the matter may be resolved without another evidentiary hearing." Report 15. Petitioner's arguments to the contrary are unpersuasive. Two evidentiary hearings have already been conducted to take evidence on Petitioner's understanding of the consequences of the plea. As the hearings on Petitioner's motion to withdraw his plea disclosed, and the Sixth Circuit thereafter affirmed, Petitioner

> never expressed any confusion over the terms of his plea agreement . . . when deciding whether to accept the plea; no statements made by [trial counsel] before the plea hearing, and no statements made by [trial counsel], the court, or the Government at the plea hearing suggested that [Petitioner] would be guaranteed a sentence of five years; and there was no pressure to accept the plea, either from [trial counsel] or the court.

*York*, 405 F. App'x at 950. Petitioner's objection will be overruled.

**2**

Also in connection with his third enumerated objection, and for the first time in this case, Petitioner raises a claim of actual innocence, writing: "At a hearing he would testify that he was not guilty but only pled because he believed he had a very good chance to get a five year sentence. He thus also alleges actual innocence." Pet'r's Objections 5. Petitioner does not, however, elaborate or provide any facts supporting this claim.

A credible claim of actual innocence requires the support of new, reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 315-16 (1995). Petitioner has made no such showing. Likewise, while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court of timely filed objections, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Petitioner's objection will be overruled.

**IV**

Petitioner's fourth and final enumerated objection is that "The Magistrate erroneously assumes that Petitioner is continuing to claim he was promised a five year sentence." Pet'r's Objections 5. Petitioner repeats his argument that trial counsel "had convinced [Petitioner] that he might get a five year sentence which as shown was impossible." Pet'r's Objections 6. Petitioner's objection is again not well made. As Judge Binder cogently observed:

> At the plea hearing in the instant case, the Rule 11 agreement was read into the record. When the court asked [Petitioner] whether he "heard anything in his explanation that's in any way inconsistent with your understanding of the terms of the agreement," [Petitioner] responded, "It is consistent." In addition, when asked whether anyone had promised him anything, apart from the provisions of the Rule 11 agreement, to try to convince him to plead guilty, [Petitioner] responded, "No, they haven't."

Report 21 (internal citations omitted). Judge Binder is correct that Petitioner "should be bound by these statements and that his motion to vacate sentence should be denied." *Id*. Petitioner's objection will be overruled.

**V**

Accordingly, it is **ORDERED** that Petitioner's objections (ECF No. 592) are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation (ECF No. 591) is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate the sentence (ECF No. 583) is **DENIED WITH PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---