UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD NORTON YORK,

        Petitioner,

                                            Case No. 04-20038
v.                                         Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DENYING MOTION TO ACCEPT NOTICE OF APPEAL
WITHOUT PAYMENT OF FILING FEE AS MOOT**

Petitioner Donald York pled guilty to one count of conspiracy to distribute and possess with intent to distribute fifty or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 438. The Rule 11 agreement identified a sentencing guideline range of 188 to 235 months. At the plea hearing held on October 3, 2007, the pertinent provisions of the Rule 11 agreement, including the guideline range of 188 to 235 months, were read into the record. The Court then inquired whether Petitioner "heard anything . . . that's in any way inconsistent with your understanding of the terms of the agreement?" Plea Hr'g Tr. 11:7–9, Oct. 3, 2007, ECF No. 525. "It is consistent," Petitioner responded. Plea Hr'g Tr. 11:10. "Has anyone promised you anything, apart from the provisions of this agreement that we have just addressed," the Court inquired, "trying to convince you to enter a guilty plea, sir?" Plea Hr'g Tr. 11:15–18. "No, they haven't," Petitioner responded. Plea Hr'g Tr. 11:16. The Court noted that it was "satisfied that [Petitioner] has freely and voluntarily tendered the plea and he has done so in a knowing and intelligent way." Plea Hr'g Tr. 14:22–24. The Court accepted the guilty plea and took the Rule 11 agreement under advisement.

More than three months passed. On January 15, 2008, Petitioner filed pro se motions have his counsel withdraw and to withdraw his plea. ECF Nos. 463, 464. Alleging that he had received ineffective assistance of counsel, Petitioner asserted that counsel had provided Petitioner "incorrect information regarding the term of the Plea Agreement" — specifically, that counsel had informed Petitioner that he "would serve only 'five years in prison'" — and that Petitioner "based his acceptance of the agreement on that belief." Mot. to Withdraw Plea 2, ECF No. 463. On January 23, 2008, the Court granted Petitioner's motion to have his counsel withdraw. ECF No. 473. Hearings were held on Petitioner's motion to withdraw his guilty plea on September 26, 2008, and October 17, 2008. *See* ECF Nos. 560, 562 (transcripts). For the reasons explained on the record, Petitioner's motion to withdraw his guilty plea was denied. ECF No. 519. And as a result of the motion to withdraw his guilty plea, Petitioner lost the sentencing guideline reduction for acceptance of responsibility, resulting in a guideline range of 235 months to 293 months. Petitioner was sentenced to 245 months. Petitioner then appealed the denial of the motion to withdraw the guilty plea. The Sixth Circuit affirmed. *United States v. York*, 405 F. App'x 943, 943 (2010).

On August 27, 2011, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 583. In his motion to vacate, Petitioner asserted a single ground for relief — that his "plea was clearly not knowing, voluntary and understanding." Pet'r's § 2255 Mot. 4–5, ECF No. 583. The motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder issued a report recommending that the Court deny Petitioner's motion. ECF No. 591. The uncontradicted testimony, Judge Binder observed, was that Petitioner was active in correcting and editing the sentencing memorandum. Moreover,

Petitioner testified that he wished to withdraw his plea not because he was confused or had been misled about the likelihood that he would receive a five year sentence, but because he believed that he "could beat [the newly-appointed prosecutor] in a trial."[1]  Mot. to Withdraw Plea Hr'g Tr. 93:13–14, Sept. 26, 2008, ECF No. 560.  Petitioner filed four objections to Judge Binder's report. ECF No. 592.  On January 11, 2011, the Court overruled Petitioner's objections, adopted Judge Binder's report and recommendation, and denied the motion to vacate the conviction. ECF No. 594.

Petitioner now moves for a certificate of appealability and for leave to appeal without payment of the filing fee.  ECF Nos. 596, 597.  In his two paragraph motion for a certificate of appealability, Petitioner tersely reasserts that he has

> made a substantial showing that he was the victim of a fraudulent plea deal orchestrated by his trial attorney who took him for over $100,000.00 by lying to him about his chances to receive a five year sentence when a sentence any where [sic] close to that was not possible which deprived him of his right to effective assistance of counsel under the Sixth Amendment.

Pet'r's Mot. for Certificate of Appealability ¶ 2, ECF No. 597.  Petitioner's argument does not demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

As the Court has explained in its previous order denying Petitioner's motion to vacate his sentence pursuant to § 2255, two evidentiary hearings have already been conducted to take evidence on Petitioner's understanding of the consequences of the plea.  As the hearings on

---

[1] Initially, the government was represented by Assistant United States Attorney Michael Hluchaniuk in this case.  Following Mr. Hluchaniuk's appointment as a United States magistrate judge, Assistant United States Attorney Barbara Tanase was assigned Petitioner's case.  It was only after Ms. Tanase was assigned to the case that Petitioner moved to withdraw the plea.

Petitioner's motion to withdraw his plea disclosed, and the Sixth Circuit thereafter affirmed, Petitioner

> never expressed any confusion over the terms of his plea agreement . . . when deciding whether to accept the plea; no statements made by [trial counsel] before the plea hearing, and no statements made by [trial counsel], the court, or the Government at the plea hearing suggested that [Petitioner] would be guaranteed a sentence of five years; and there was no pressure to accept the plea, either from [trial counsel] or the court.

*York*, 405 F. App'x at 950.

Contrary to Petitioner's assertion that his present argument is "substantially different," arguing that his plea was not knowing and voluntary because he was misled by his trial counsel is the same argument previously ruled upon by this Court and the Sixth Circuit. *See, e.g.*, *York*, 405 F. App'x at 945 (rejecting Petitioner's argument "that his counsel was ineffective, that his plea was not knowing and voluntary because counsel told York that he would serve only five years in prison, and that York based his acceptance of the plea on that belief").

To obtain a certificate of appealability, the petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484. Here, reasonable jurists would not debate the Court's conclusion with regard to the merits of Petitioner's claims. Indeed, the Sixth Circuit has previously affirmed the conclusion. As a result, he is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED** that Petitioner's motion for a certificate of appealability (ECF No. 597) is **DENIED**.

It is further **ORDERED** that Petitioner's motion to accept notice of appeal without payment of a filing fee (ECF No. 596) is **DENIED AS MOOT**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 27, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 27, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS